**Richard SALA, Plaintiff,**

v.

**GATES CONSTRUCTION COMPANY, Defendant.**

**No. 92 CV 0204(SJ).**

United States District Court, E.D. New York.

May 16, 1994.

Paul C. Matthews, New York City, for plaintiff.

John K. McElligott, Donovan Parry Walsh & Repetto, New York City, for defendant.

*ORDER*

JOHNSON, District Judge:

INTRODUCTION

Before this Court is Plaintiff's motion to amend the complaint pursuant to Fed. R.Civ.P. 15. Plaintiff seeks to add the words "and materials scow"[1] to the end of the second paragraph of the complaint which in

1. The Court notes that Plaintiff's proposed amendment used these words although the letter motion stated that "barge" would be used. Defendants responded to the proposed amendment and this Court similarly views that document as correctly stating the words to be used.

essence adds a new theory to Plaintiff's original complaint. Defendant opposes this motion on the grounds that 1) the Plaintiff's letter was not in proper form; 2) Plaintiff has delayed amending the complaint for no reason; 3) laches; and 4) prejudice to the defendant in having to respond at the eleventh hour.

## BACKGROUND

On December 12, 1989, Plaintiff was allegedly struck in the head by heavy timber while allegedly working as a dockbuilder on a crane barge allegedly owned by Plaintiff. It is alleged that Plaintiff sustained permanent disability as a result of this injury. Plaintiff allegedly filed for worker's compensation benefits under the Longshore Harbor & Workers Compensation Act and was paid by Defendant's insurance carrier for over two years.

Plaintiff filed the initial complaint on January 16, 1992 pursuant to Section 33 of the Merchant Seamen's Act of 1920 (the "Jones Act") and General Maritime Law. The Defendant answered on March 20 of that same year. This litigation was referred to a Magistrate on April 20 and discovery proceeded for two years. On August 16, 1993 Magistrate Judge Caden gave permission to the Defendant to file a motion for summary judgment and noted that discovery would proceed in the interim. Defendant filed for summary judgment on October 8, 1993 but subsequently withdrew it in light of a deposition by plaintiff. After discovery was complete, Defendant again filed for summary judgment on March 11, 1994. Plaintiff has requested and received two adjournments of his response which was filed on April 14, 1994 and Defendant's reply was filed on April 20, 1994.

After Defendant's filing of the motion for summary judgment, Plaintiff requested the opportunity to move this Court for permission to amend the complaint. Plaintiff was instructed that such a motion could be done in the form of a formal motion or by letter. The latter was used by Plaintiff to request an amendment of the complaint which Defendant has opposed.

## DISCUSSION

Typically, courts are quite liberal in granting leave to amend. *See Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). Courts though do have discretion to deny such leave "where the motion is made after an inordinate delay, no satisfactory explanation is offered for the delay, and the amendment would prejudice the defendant." *Cresswell v. Sullivan & Cromwell,* 922 F.2d 60, 72 (2d Cir.1990); *see, e.g., Tokio Marine & Fire Insurance Co. v. Employers Insurance of Wausau,* 786 F.2d 101, 103 (2d Cir.1986). It is Plaintiff's burden to demonstrate why such leave should be granted in the face of an overly long delay. *See Cresswell,* 922 F.2d at 72; *Sanders v. Thrall Car Mfg. Co.,* 582 F.Supp. 945, 952 (S.D.N.Y.1983).

In the case at bar, over four years has passed since the Plaintiff's injury and over two years since the filing of the complaint. In Plaintiff's letter to this court, he stated that he wanted to amend the complaint to include an additional legal theory.[2] Yet, Plaintiff failed to provide the Court with any reason as to why such an amendment should be granted at this late stage of the litigation other than the liberal pleading rules of the Federal Rules of Civil Procedure. It remains a mystery as to why Plaintiff did not assert this theory before the completion of discovery and the motion for summary judgment. It would not appear that this theory depended on the discovery of various facts but instead would have been apparent from the time of injury.

Plaintiff asserts that no prejudice would result from granting the amendment because "[i]t is difficult to imagine what further discovery defendant could possibly need on this issue." Letter from Paul C. Matthews, Counsel for Plaintiff, to Judge Sterling Johnson, Jr., (Apr. 18, 1994). However, the Defendant refutes this by citing the fact that the two years of discovery have focused only on one theory of liability and by providing several examples of additional discovery that

---

**2.** Although Defendant objects to the form of this motion, the Court often accepts letters in place of more formal motions when a letter is sufficient to explain the reasons for such a motion.

**416**

would be necessary. This Court does not doubt that some kind of further discovery would indeed by necessary to provide an adequate defense.

Given the previous arguments against granting leave to amend, it is not necessary to address the Defendant's arguments regarding laches.

CONCLUSION

For the reasons stated above, Plaintiff's motion to amend the complaint is hereby DENIED.

SO ORDERED.